UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUTCH GIRL PLAZA LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARATHON PETROLEUM CORPORATION, et al., <br><br> Defendants. | Case No. 25-cv-01390-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: ECF No. 21 |

Before the Court is Defendants Marathon Petroleum Corporation, Tesoro Refining & Marketing Company, LLC, Tesoro Environmental Resources Company, Tesoro Sierra Properties, LLC, and Tesoro Companies, Inc.'s motion to dismiss. ECF No. 21. The Court will grant the motion in part and deny it in part.

**I.   BACKGROUND**

For purposes of resolving the motion to dismiss, the Court accepts as true the allegations in the complaint, ECF No. 1. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Plaintiffs Dutch Girl Plaza LLC and Steven H. Depper—a member of Dutch Girl—own the lot at 2094 Mount Diablo Boulevard. ECF No. 1 ¶ 1. Dutch Girl currently uses the property as an eco-friendly dry-cleaning facility and has gained approvals to transform the property into a mixed-use residential and commercial development. *Id.* ¶ 2.

At 2098 Mount Diablo Boulevard, adjacent to the Dutch Girl lot, is a site owned and operated by Defendants for many years as a gas station. *Id.* ¶¶ 4–7. In 1987, when Conoco, Inc. (not a defendant here) operated the gas station, a leaking underground storage tank containing waste oil was removed from the site. Oil, grease, and diesel contamination was identified in the soil, and the unauthorized release of gasoline was also discovered at the site. *Id.* ¶ 38. In 2004,

1  Defendant Tesoro Companies directed the commission of environmental testing, which found that
2  chemicals of concern remained present in the soil and groundwater. *Id.* ¶ 43. In 2007, Plaintiffs
3  and Defendants reached an agreement for Defendants to install groundwater monitoring wells on
4  the Dutch Girl property. At that time, Plaintiffs first learned that contamination from Defendants'
5  property had migrated into the Dutch Girl property, including into the groundwater. *Id.* ¶ 46.
6  Despite "repeated assurance for over a decade that [Defendants] would address the contamination
7  at the Dutch Girl Property, the contamination remains to this day." *Id.* ¶ 57. Ongoing testing
8  shows the continued presence of benzene, naphthalene, ethylbenzene, waste oil, and other
9  petroleum products. *Id.* ¶ 13. Around February 26, 2023, Proposition 65 chemicals originating
10 from Defendants' site were discovered in the indoor air of the Dutch Girl building and were
11 determined to pose human health risks by inhalation to workers and tenants. *Id.* ¶ 55.
12   Plaintiffs fear that "contamination that has migrated from Defendants' property onto
13 Plaintiffs' Property will be exposed during construction, creating a toxic hazard for both workers
14 on the Site and for the future residents of the Property," which ultimately "may prevent future
15 development of the Dutch Girl Property." *Id.* ¶ 11. They filed this action on February 10, 2025,
16 bringing claims for: (1) response costs under the Comprehensive Environmental, Response,
17 Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a); (2) declaratory relief under
18 CERCLA; (3) response costs and damages under California's Carpenter-Presley-Tanner
19 Hazardous Substances Act ("HSAA"), Cal. Health & Safety Code §§ 25300–25395.45; (4)
20 declaratory relief under the HSAA; (5) continuing trespass; (6) continuing private nuisance; (7)
21 continuing public nuisance; (8) negligence; (9) negligence per se; (10) common law equitable
22 indemnity; (11) express indemnity; (12) declaratory judgment under state law; (13) injunctive
23 relief under state law; and (14) violation of California's Proposition 65.
24   Defendants moved to dismiss on April 4, 2025. ECF No. 21. Plaintiffs opposed the
25 motion, ECF No. 28, and Defendants filed a reply, ECF No. 30. Plaintiffs subsequently filed
26 errata, acknowledging that three citations in its opposition referred to "nonexistent cases" and
27 were the product of an attorney's "reliance upon artificial intelligence software," and requesting
28 that the Court strike the problematic citations. ECF No. 31. On June 2, 2025, the Court took this

2

matter under submission without a hearing. *See* Fed. R. Civ. Pro. 78(b); Civ. L.R. 7-1(b).

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel*, 393 F.3d at 1072. However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted).

## IV.   REQUESTS FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56," unless those matters satisfy the "incorporation-by-reference doctrine" or the standard for "judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting

3

<mark>Fed. R. Civ. P. 12(d)). The Ninth Circuit has expressed concern with the practice of "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* The Ninth Circuit also cautioned that "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.</mark>

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" i.e., the fact "is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)). "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. Documents "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the documents' authenticity . . . is not contested," *Lee*, 250 F.3d at 688 (alteration in original) (quotation marks and citation omitted). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### A. Defendants' Requests

Defendants request that the Court take judicial notice of "California State Water Resources Control Board, GeoTracker Site Profile for Global ID T0601300315, 'Site Maps / Documents' tab," lodged at ECF No. 22-2. Because courts regularly take judicial notice of government documents, and Dutch Girl does not oppose Defendants' request, the Court takes judicial notice of the existence of this government webpage, but not the truth of the matters asserted in it. *See Salas v. Gomez*, No. 14-CV-01676-JST, 2016 WL 3971206, at *5 (N.D. Cal. July 25, 2016); *see also In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (explaining that the court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein").

Defendants ask the Court to consider several documents as incorporated by reference into

4

the complaint. ECF No. 21 at 10 n.1. Exhibit A is a September 7, 2007, Right of Entry Agreement between Plaintiff Depper and Defendant Tesoro Environmental. ECF No. 21-2. Exhibit B is an October 1, 2008, Right of Entry Agreement between Depper and Tesoro Environmental. ECF No. 21-3. Exhibit C is a September 27, 2016 Right of Entry Agreement between Depper and Tesoro Environmental. ECF No. 21-4. Exhibit D is an October 25, 2018 "60-Day Notice of Violation under Proposition 65" sent by Depper to Tesoro Refining and Marathon Petroleum. ECF No. 21-5. The complaint explicitly references each of these documents and describes their contents. ECF No. 1 ¶¶ 47, 49, 69–70. Given that, and in the absence of any objection from Dutch Girl, the Court considers these four documents under the incorporation-by-reference doctrine.

The final document, Exhibit E, is a June 24, 2024 "No Further Action Letter with Case Closure Summary," sent by the San Francisco Bay Regional Water Quality Control Board. ECF No. 21-6. While the complaint *mentions* that "the Regional Board closed the Site" on June 24, 2024, ECF No. 1 ¶ 55, n.7, the Court rejects Defendants' contention that this sparse phrase incorporates by reference the letter informing Defendant Marathon of the case closure and detailing the reasons supporting the closure. *See Coto Settlement*, 593 F.3d at 1038 ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document."). The Court will not consider Defendants' Exhibit E.

**B.     Plaintiffs' Request**

Plaintiffs attach to their opposition a June 6, 2019 Indemnity Agreement signed by Tesoro Refining. ECF No. 28-2. The opposition quotes from and relies on this document in response to several of Defendants' arguments. *See, e.g.*, ECF No. 28 at 13, 18, 22. But this document is not pled in the complaint, nor do Plaintiffs ask the Court to take judicial notice of it or deem it incorporated by reference in the complaint. Accordingly, The Court does not rely on it in deciding this motion. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011).

/ / /

/ / /

/ / /

5

## V. DISCUSSION

### A. CERCLA and HSAA Claims

#### 1. Petroleum Exclusion

Defendants argue that CERCLA's and HSAA's petroleum exclusion applies and thus Dutch Girl does not state a claim for relief on its claims brought under those statutes. ECF No. 21 at 14–15. Under the petroleum exclusions, CERCLA's definition of "pollutant or contaminant" and HSAA's definition of "hazardous substance" each specifically exclude "petroleum," "crude oil," and "natural gas." 42 U.S.C. § 9601(33); Cal. Health & Safety Code § 78075(b)(1). Dutch Girl contends that it pleads the release of "waste oil" at the site, ECF No. 1 ¶¶ 3, 13, 38, which "is often mixed with other contaminants, including solvents . . . such as TCE and PCE." ECF No. 28 at 10–11. Dutch Girl argues that "subsequent monitoring [at the site] has found contamination from . . . TCE and PCE," and "[t]he presence of these chemicals brings this case outside the petroleum exclusion." *Id.*

The problem with this argument, as Defendants point out, is that Dutch Girl does not plead the presence of TCE and PCE in its complaint. That Dutch Girl pleads the release of waste oil, which according to its argument in opposition "is often mixed with other contaminants," is insufficient alone to bring its claims outside the petroleum exclusions. *Members of Beede Site Group v. Federal Hom Loan Mortgage Corp.*, which Plaintiffs cite for the proposition that "[t]he addition of non-petroleum-based solvents removes the pollution from the protections offered by the petroleum exclusion," does not help them. *See* ECF No. 28 at 10 (citing *Beede*, 968 F. Supp. 2d 455, 461 (D.N.H. 2013)). In that case, the court found that waste oil was not subject to the petroleum exclusion where there was expert evidence that waste oil was likely to contain metals, acids, post-refining additives, and other contaminants, but not where plaintiff "made no showing" that soil was mixed with anything but petroleum. *Beede*, 968 F. Supp. at 461. Here, putting aside the argument in Plaintiffs' opposition, they have not alleged the presence of contaminants that would take this case out of the petroleum exclusion.

The Court accordingly will dismiss the CERCLA and HSAA claims with leave to amend.

### 2. CERCLA Statute of Limitations

Defendants argue Dutch Girl's CERCLA claim is barred by the statute of limitations, which requires that an action for cleanup costs be brought "within 6 years after initiation of physical on-site construction of the remedial action." 42 U.S.C. § 9613(g)(2)(B). The complaint alleges that, in 2007, Depper entered into a Right of Entry Agreement with Tesoro Resources to "install groundwater monitoring wells to monitor, maintain, sample, and collect water samples . . . to determine the scope of the contamination and perform required remediation." ECF No. 1 ¶ 47. Dutch Girl argues that, because the earlier excavations failed to fully resolve the problem, it was not a "permanent" remedy and thus was a "removal action" or investigation—not a "remedial action" subject to the statute of limitations. ECF No. 28 at 11. This contention is contradicted by Dutch Girl's own complaint, which refers to the work done over the course of several years as "remediation." ECF No. 1 ¶¶ 2, 6, 47, 49, 51–53, 57. The complaint also pleads that the Regional Board closed the site in 2024, *id.* ¶¶ 55 n.7—an indication that the measures taken "w[ere] intended to be a permanent remedy." *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 287 F. Supp. 2d 1118, 1158 (C.D. Cal. 2003). Accordingly, the Court finds that Dutch Girl has not stated a claim for relief on its CERCLA claim because, on the face of the complaint, the claim falls outside the six-year limitations period.

### 3. HSAA Statute of Limitations

The parties agree a three-year statute of limitations applies to the HSAA claim. ECF No. 21 at 18; ECF No. 28 at 12; *see* Cal. Code Civ. Proc. § 338(b). Plaintiffs acknowledge that they "incurred *some* costs before February 2022" and in fact that they "learned of *some* migration [of pollutants] in 2007." ECF No. 28 at 12 (emphases in original). But they argue that they relied on a 2019 Indemnity Agreement in which Defendants "accepted responsibility . . . for the investigation and remediation" of the site and that Defendants failed to fulfill that agreement, and thus the discovery rule applies. *Id.* at 12–13. Because the 2019 indemnity agreement is not properly before the Court, *see supra*, the Court will not consider this argument and thus will dismiss Plaintiffs' HSAA claim with leave to amend.

7

### B.     Continuing Trespass and Continuing Nuisance

"[G]enerally the principles governing the permanent of continuing nature of a trespass or nuisance are the same." *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583, 594 (2007). "[T]he key to whether a trespass is permanent . . . or continuing is whether the trespass can be discontinued or abated at a reasonable cost. . . . [T]here must be evidence that the trespass is *reasonably* abatable even if the harm caused the trespass continues to interfere with the possessory interest of the property owner." *Id.* at 594. "Generally, whether a trespass is continuing or permanent is a question of fact properly submitted to the jury." *Id.* at 597.

Defendants argue that Plaintiffs' continuing trespass and continuing private nuisance claims fail because "the alleged contamination at the Dutch Girl Property is not continuing." ECF No. 21 at 18–19. For support, they cite only *Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal. App. 4th 1160 (1996), arguing that, because the *Beck* court relied in part on the fact that the Regional Board had determined "nothing further need be done" in reaching its conclusion that plaintiff had not proven a continuing nuisance, *id.* at 1221–22, the Court ought to reach the same conclusion here, where the Regional Board issued a case closure. But *Beck* was an appeal of a judgment entered after a full record was developed at trial, and the *Beck* court underscored that "a too rigid distinction between permanent and continuing nuisances may constitute a trap for the unwary plaintiff who guesses wrong," and thus, "in doubtful cases the plaintiff has an election to treat a nuisance as permanent or continuing." *Id.* at 1217.

Since *Beck*, "courts have consistently adhered to [the] rule that in a case in which the distinction between permanent and continuing nuisance is close or doubtful the plaintiff will be permitted to *elect* which theory to pursue." *Capogeannis v. Super. Ct.*, 12 Cal. App. 4th 668, 679 (1993) (emphasis in original); *see id.* at 679–80 (plaintiff could assert for the first time at summary judgment stage that the alleged nuisance was continuing and thus not subject to statute of limitations). Given the complicated history set forth in the complaint, including several allegedly botched attempts at remediation and recurring issues at the site over the course of many years, the Court finds that this is the kind of "close or doubtful" case that might constitute a continuing trespass and continuing nuisance, depending on how the facts develop over the course of the

8

lawsuit. Accordingly, the Court declines to dismiss these claims at this early stage.

### C. Public Nuisance

"A public nuisance is one which 'affects at the same time an entire community or neighborhood, or any considerable number of persons.'" *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, 1104 (1997) (quoting Cal. Civ. Code § 3480). "A private individual may bring an action against a municipality to abate a public nuisance when the individual suffers harm that is . . . specially injurious to himself, but not otherwise." *Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344, 1349 (2008) (internal quotation marks and citation omitted). Defendants argue that Plaintiffs fail to plead that the alleged nuisance here affects an entire community or neighborhood because Plaintiffs' allegations about groundwater contamination are belied by the Regional Board's findings in its case closure report. ECF No. 21 at 20–21. Because this argument relies upon a document the Court has declined to consider, *see supra*, the Court rejects the argument.

### D. Negligence

The parties agree that Plaintiffs' negligence claim is subject to a three-year statute of limitations. ECF No. 21 at 21; ECF No. 28 at 18; *see* Cal. Code Civ. Proc. § 338(b). Defendants argue that the claim is time-barred because the complaint alleges that "Plaintiffs first learned about the contamination" "[i]n or about 2007," ECF No. 1 ¶ 46, at least seven years before Plaintiffs filed this action. Plaintiff against responds by arguing that a 2019 indemnity agreement, the existence of which is not pled in the complaint, mandates the invocation of the discovery rule here. Plaintiffs thus "request the opportunity to amend" to add allegations regarding the agreement. ECF No. 28 at 18. Accordingly, the Court will dismiss the negligence claim with leave to amend.

### E. Negligence Per Se

"Where a statutory standard establishes the defendant's duty, 'proof of the defendant's violation of a statutory standard of conduct raises a presumption of negligence that may be rebutted only by evidence establishing a justification or excuse for the statutory violation.'" *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 218, 7 Cal. Rptr. 3d 597, 606 (2003) (quoting *Ramirez v. Plough, Inc.*, 6 Cal.4th 539, 547 (1993)). This rule is known as the doctrine of negligence per se. *Id.*; *see also* Cal. Evid .Code § 669 (codifying doctrine). Under section 669:

9

> The failure of a person to exercise due care is presumed if:
>
> (1) He violated a statute, ordinance, or regulation of a public entity;
>
> (2) The violation proximately caused death or injury to person or property;
>
> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
>
> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669(a).

Plaintiffs allege that Defendants violated state and federal statutes including California Health and Safety Code sections 25189 and 25189.6 and California Water Code sections 13271 and 13304. ECF No. 1 ¶ 130. Defendants argue that "Plaintiffs fail to explain how any individual Defendant's conduct—or their conduct as a collective—satisfies the necessary elements of each statute or even falls within the statutes' scope." ECF No. 21 at 15–16.

Where a plaintiff pleads "only a bare allegation that all Defendants violated [several] statutes" and "[t]he Court is left to guess who the activities of [the defendants] violated any of the statutes," the plaintiff fails to plead a viable negligence claim. *Coppola v. Smith*, 935 F. Supp. 2d 993, 1032–33 (E.D. Cal. Mar. 26, 2013). Here, Plaintiffs only allege summarily that "Defendants' continued failure to exercise reasonable care in controlling the release of hazardous substances and other contaminants violated numerous state and federal statutes, rules and regulations." ECF No. 1 ¶ 130. While Plaintiffs expand on their theory of how Defendants violated these statutes in their opposition, ECF No. 28 at 13–15, "it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Strome v. DBMK Enters., Inc.*, No. C 14-2398 SI, 2014 WL 4437777, at *4 (N.D. Cal. Sept. 9, 2014) (quoting *Barbera v. WMC Mortg. Corp.*, C 04-3638 SBA, 2008 WL 167632 (N.D. Cal. Jan. 19, 2006)).

The Court will dismiss Plaintiffs' negligence per se claim.

### F.     Equitable Indemnity

"[T]he elements of a cause of action for equitable indemnity are: (1) a showing of fault on

the part of the indemnitor; and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible." *Star Indem. & Liab. Co. v. Peerless Ins. Co.*, No. CV 15-643-JFW (JCx), 2015 3843526, at *5 (C.D. Cal. June 22, 2025) (citing *Gouvis Eng. v. Super. Ct.*, 37 Cal. App. Ct. 642, 646 (1995)). The California Supreme Court "has consistently ruled that a cause of action for indemnity does not accrue until the indemnitee suffers loss through payment of an adverse judgment or settlement." (collecting cases). *City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 587 (1994); *see id.* at 588 (dismissing equitable indemnity claim where plaintiff "admitted . . . that no damages 'to date' arise from payment of third party claims or judgments").

Defendants argue that Plaintiffs fail to plead a judgment or settlement that could establish an equitably indemnity claim. Plaintiffs respond by arguing that such a claim "can be asserted prospectively once the indemnitee faces potential liability or incurs costs due to the indemnitor's actions." ECF No. 28 at 22. But the cases Plaintiffs cite are inapposite. *See Valley Circle Estates v. VTN Consol., Inc.*, 33 Cal. 3d 604, 612 (1983) (allowing prospective indemnity crossclaim for subcontractor under specific statutory provision providing for such a claim); *Platt v. Coldwell Banker Res. Real Est. Servs.*, 217 Cal. App. 3d 1439, 1444 n.7 (1990) (also discussing crossclaims for indemnity). The Court finds Plaintiffs have not pled the requisite "adverse judgment or settlement" and thus will dismiss the equitable indemnity claim.

G. **Express Indemnity**

Defendants similarly argue that Plaintiffs' express indemnity claim fails because Plaintiffs do not allege "a current, binding obligation for contractual indemnity between Plaintiffs and any of the Defendants." ECF No. 21 at 26. Plaintiffs first argue that the complaint alleges the existence of three agreements that include indemnity agreements, ECF No. 1 ¶¶ 47, 49, 143, and that Tesoro Resources failed to perform its obligations under those agreements, including indemnification. *Id.* ¶ 145. But "[t]o properly plead breach of contract, '[t]he complaint must identify the specific provisions of the contract allegedly breached by the defendant.'" *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588 (9th Cir. 2017) (quoting *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)). Plaintiffs do not provide the terms of the contract that they allege Defendants breached, and so the Court cannot

11

ascertain whether Plaintiffs have stated a claim. *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979–980 (N.D. Cal. 2014) (dismissing a complaint where the court could not discern what material obligation the defendant breached because the court did not know the terms of the contract).

Plaintiffs also argue that the 2019 indemnity agreement provides a basis for their express indemnity claim. ECF No. 28 at 23–24. As already discussed, *supra*, this agreement is not pled in the complaint and thus the Court cannot consider it. Accordingly, the Court will dismiss the express indemnity claim.

### H.    Declaratory Judgment

Because declaratory relief is a remedy and not a cause of action, *see Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010), when the underlying claims are dismissed, the declaratory relief cause of action must be dismissed as well. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011). Here, because the Court denies the motion to dismiss as to Plaintiffs' private nuisance, public nuisance, and trespass claims, it also denies the request to dismiss Plaintiffs' request for declaratory relief.

### I.    Injunctive Relief

"Injunctive relief is a remedy, not a cause of action." *City of S. Pasadena v. Dep't of Transportation*, 29 Cal. App. 4th 1280, 1293 (1994). Plaintiffs' freestanding cause of action for injunctive relief is dismissed without prejudice to their seeking that remedy in an amended complaint in connection with any cause of action that supports it. *Cf. Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 65 (2015) ("A cause of action must exist before a court may grant a request for injunctive relief.").

### J.    Proposition 65 Claim

With respect to the Proposition 65 claim, Defendants argue that the one-year statute of limitations has expired because Plaintiffs first learned about contamination on the property in 2007 and Plaintiffs sent the requisite Proposition 65 notice in 2018, demonstrating that they were aware of the alleged contamination. ECF No. 21 at 29–30; Cal. Civ. Proc. Code § 340(a). Defendants further argue that Plaintiffs only sent the notice to Marathon Petroleum and Tesoro Refining and

1     thus the claim fails as to the other defendants. *Id.*

2     Plaintiffs respond that the discovery rule applies to toll the statute of limitations. ECF No.
3     28 at 12–13. "The discovery rule, when applicable, mandates that accrual of a claim is postponed
4     until the plaintiff discovers, or has reason to discover, the cause of action." *Gerling Glob.*
5     *Reinsurance Corp. of Am. v. Fremont Gen. Corp.*, No. 05-CV-05454-CAS(PJWX), 2007 WL
6     9757934, at *7 (C.D. Cal. Jan. 10, 2007) (citation and quotation omitted), *aff'd*, 287 F. App'x 3
7     (9th Cir. 2008). "A plaintiff 'discovers' the claim when he or she at least suspects the factual
8     basis, as opposed to the legal theory, of the claim, *i.e.*, when he or she suspects an injury that was
9     caused by wrongdoing." *Id.* (citation, quotation, and ellipsis omitted). Here, even assuming the
10    discovery rule applies, it cannot assist Plaintiffs. The complaint alleges discovery of the
11    Proposition 65 chemicals in indoor air in February 2023—more than one year before Plaintiffs
12    filed this action. ECF No. 28 at 25; ECF No. 1 ¶ 55. Plaintiffs' argument is also inconsistent with
13    their contention that the 2018 notice letter provided the notice required by Proposition 65. ECF
14    No. 28 at 26; Cal. Health & Safety Code § 25249.7(d)(1). In other words, it is hard to reconcile
15    the fact that Plaintiffs sent a letter in 2018 stating that Dutch Girl "intends to bring suit . . . for,
16    among other claims, violations of California Health and Safety Code [sections] 25249.5 and
17    25249.6 (also known as 'Proposition 65')," ECF No. 21-5 at 2, with the argument that Plaintiffs
18    lacked sufficient information to bring suit before 2025.

19    With regard to the adequacy of Plaintiffs' Proposition 65 notice, Plaintiffs contend, but do
20    not cite any authority to support, that "Defendants' challenges to service or technical compliance
21    are insufficient for dismissal."[1] *Id.* In the absence of any authority suggesting otherwise, the
22    Court finds that: (1) the statute of limitations bars a Proposition 65 claim arising from the facts
23    recited in the 2018 notice; and (2) Plaintiffs have not pled that they provided the notice required
24    by California Health and Safety Code section 25249.7(d)(1) for a Proposition 65 claim arising
25    within the statute of limitations. The Court will thus dismiss the claim.[2]

---

[1] Plaintiffs' opposition originally did cite a case that purported to support this argument, but that case was later struck as part of Plaintiffs' errata. ECF No 31.
[2] Plaintiffs also cite *KFC W., Inc. v. Meghrig*, 23 Cal. App. 4th 1167, 1180–81 (1994) for the proposition that "because pollutants continue to migrate onto the Dutch Girl Property, such a

**K.     Equitable Tolling**

Equitable tolling is a judicially created doctrine "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations— timely notice to the defendant of the plaintiff's claims—has been satisfied." *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1137 (N.D. Cal. 2009) (quoting *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (internal quotation marks omitted)). This doctrine can "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 719 (2020) (internal citations omitted) (quoting *McDonald*, 45 Cal.4th at 99).

"Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations." *Albano*, 634 F.3d at 530. For equitable tolling to apply under California law, a plaintiff must establish: (1) timely notice to the defendant; (2) lack of prejudice to the defendant; and (3) reasonable and good faith conduct on the part of the plaintiff. *McDonald*, 45 Cal. 4th at 102. Finally, because the applicability of equitable tolling often relates to matters outside of a complaint, it is not "generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (citing *Cervantes v. City of San Diego*, F.3d 1273, 1276 (9th Cir.1993)). A complaint cannot be dismissed on a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207.

Defendants argue that the complaint (1) fails to allege which claims are subject to equitable tolling and why, and (2) belies Plaintiffs' allegations regarding equitable tolling because it alleges regular communication between Plaintiffs and Defendants regarding the contamination at the gas station site since 2000 and that Plaintiffs have known about potential migration onto their property since 2007. ECF No. 21 at 31–32.

The complaint alleges that "equitable tolling of the statute of limitations applies" because

---

condition gives rise to new (and continuing) violations of Proposition 65 that . . . defeat statutes of limitations defenses." ECF No. 28 at 26. *KFC* does not address Proposition 65 claims and is not helpful to Plaintiffs.

14

Defendants "failed to take adequate and effective steps to address" contamination on the Dutch Girl property, "concealed and omitted relevant facts that would have allowed Plaintiffs to discover the true nature and degree of the soil and groundwater contamination issues," and "actively mislead Plaintiffs through affirmative representations and omission with respect to the true nature, quality, and hazards of the contamination." ECF No. 1 ¶ 57. The Court agrees that these allegations are too vague and general to support equitable tolling. *See, e.g.*, *Biotech. Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1206 (N.D. Cal. 2013) (complaint alleging equitable tolling "due to the surreptitious nature of defendants' misconduct, which defendant concealed from plaintiffs and other investors throughout the relevant period" was insufficient). It is true that the complaint sets forth a lengthy and complicated history of interactions between Plaintiffs and Defendants, and promises by Defendants to investigate, monitor, and remediate migration of pollutants onto the Dutch Girl property, and under these circumstances, it is *conceivable* that Plaintiffs "could not have discovered the alleged violations by exercising reasonable diligence," and that Defendants in the meantime had notice of the facts giving rise to Plaintiffs' eventual claims. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010). But the Court finds that, as currently pled, Plaintiffs fail to "nudge[]" their equitable tolling allegations across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

**L.      Punitive Damages**

Under California's damage statute, a corporate employer is liable for punitive damages "based upon acts of an employee" only if:

> the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b). "[T]he punitive damage statute requires proof of malice among corporate leaders: the 'officer[s], director[s], or managing agent[s].'" *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167 (2000) (quoting Cal. Civ. Code § 3294(b)). But while the Court applies

15

California substantive law to a claim for punitive damages, "the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of the pleadings." *Terpin v. AT&T Mobility LLC*, 118 F.4th 1102, 1112 (9th Cir. 2024). "In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark v. Allstate Ins. Co.*, 105 F. Supp. 2d 1016, 1019 (S.D. Cal. July 27, 2000).

Here, however, Plaintiffs do not even make the requisite "conclusory averments" of oppression, malice, or fraud. In fact, the complaint's only mention of punitive damages comes in the prayer for relief, where Plaintiffs request a judgment "[f]or punitive damages and exemplary damages against all Defendants." ECF No. 1 at 32. This fails to satisfy even the low bar necessary to plead a plausible entitlement to punitive damages and consequently will dismiss the request for punitive damages.

## CONCLUSION

For the foregoing reasons, the Courts grants the motion in part and dismisses Plaintiffs' claims for CERCLA violations, HSAA violations, negligence, negligence per se, equitable indemnity, express indemnity, Proposition 65 violations, and punitive damages. The Court denies the motion as to Plaintiffs' claims for continuing trespass, continuing private nuisance, continuing public nuisance, declaratory judgment, and injunctive relief.

The Court grants leave to amend. Plaintiffs may file an amended complaint within 28 days solely to correct the deficiencies identified in this order.

The case management conference scheduled for October 7, 2025 is continued to December 9, 2025 at 2:00 p.m. An updated joint case management statement is due December 2, 2025.

**IT IS SO ORDERED.**

Dated: October 6, 2025

JON S. TIGAR
United States District Judge