UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUTCH GIRL PLAZA LLC, et al., | Case No. 25-cv-01390-JST |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| MARATHON PETROLEUM CORPORATION, et al., | Re: ECF No. 43 |
| Defendants. | |

Before the Court is Defendants Marathon Petroleum Corporation, Tesoro Refining & Market Company, LLC, Tesoro Environmental Resources Company, Tesoro Sierra Proper, LLC, and Tesoro Companies, Inc.'s partial motion to dismiss. ECF No. 43. The Court dismisses with prejudice the claims under the Comprehensive Environmental Response, Compensation, and Liability Act. Because only state law claims remain, the Court declines to exercise supplemental jurisdiction and dismisses the case in full.

## I.    BACKGROUND

Plaintiffs Dutch Girl Plaza LLC and Steven H. Depper—a member of Dutch Girl—own the lot at 2094 Mount Diablo Boulevard. ECF No. 39 ¶ 1. Dutch Girl currently uses the property as an ecofriendly dry-cleaning facility but has gained approvals to transform it into a mixed-use residential and commercial development. *Id.* ¶ 2.

At 2098 Mount Diablo Boulevard, adjacent to the Dutch Girl lot, is a site owned and operated by Defendants for many years as a gas station. *Id.* ¶¶ 4, 7. In 1987, when Conoco, Inc. (not named as a defendant here) operated the gas station, a leaking underground storage tank containing waste oil was removed from the site. *Id.* ¶ 38. Oil, grease, and diesel contamination was identified in the soil, and an unauthorized release of gasoline was also discovered there. *Id.*

In 2004, Defendant Tesoro Companies commissioned environmental testing, which found that chemicals of concern remained present in the soil and groundwater. *Id.* ¶ 43. In 2007, Plaintiffs and Defendants reached an agreement for Defendants to install groundwater monitoring wells on the Dutch Girl property "to determine the scope of the contamination and perform required remediation." *Id.* ¶¶ 46–47.

Remediation of the site proceeded under the oversight of the San Francisco Bay Regional Water Quality Control Board ("Regional Board"). Plaintiffs participated in that process and, as early as 2015, petitioned the Regional Board regarding closure of the investigation and remediation site. *Id*. ¶ 13. In or about 2017, the Regional Board took steps to close the investigation despite information Dutch Girl provided regarding ongoing contamination and potential associated health risks. *Id.* ¶ 53.

On June 26, 2019, Defendant Tesoro Refining & Marketing Company LLC entered into an Indemnity Agreement with Bank of the West related to a loan for the Dutch Girl property. *Id.* ¶ 54. In the agreement's recitals, Tesoro acknowledged that although it had sold the gas station site in 2002, it retained liability for petroleum releases occurring prior to the sale and had accepted responsibility under California law for the investigation and remediation of historic petroleum impacts associated with the site until the Regional Board issued case closure. *Id.*

However, despite "repeated assurances for over a decade that [Defendants] would address the contamination at the Dutch Girl Property, the contamination remains to this day." *Id.* ¶ 59. Ongoing testing shows the continued presence of benzene, naphthalene, ethylbenzene, waste oil, and other petroleum products and metals. *Id.* ¶ 13. Around February 26, 2023, hazardous chemicals known to cause cancer or reproductive harm, originating from Defendants' site, were detected in the indoor air of the Dutch Girl building and were determined to pose human health risks by inhalation. *Id.* ¶ 56.

Plaintiffs fear that "contamination that has migrated from Defendants' property onto Plaintiffs' Property will be exposed during construction, creating a toxic hazard for both workers and for the future residents of the Property," which ultimately "may prevent future development of the Dutch Girl Property." *Id.* ¶ 11. On June 24, 2024, the Regional Board issued a case closure

United States District Court
Northern District of California

2

determination for the site. *Id.* ¶ 58.

On April 4, 2025, Defendants moved to dismiss the original complaint. ECF No. 21. The Court granted the motion in part and denied it in part, dismissing certain claims with leave to amend and permitting others to proceed. ECF No. 38. Plaintiffs thereafter filed the FAC. ECF No. 39. The FAC asserts nine causes of action for: (1) response costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a); (2) declaratory relief under CERCLA; (3) response costs and damages under California's Carpenter-Presley-Tanner Hazardous Substances Act ("HSAA"), Cal. Health & Safety Code §§ 25300–25395.45; (4) declaratory relief under the HSAA; (5) continuing trespass; (6) continuing private nuisance; (7) continuing public nuisance; (8) negligence; and (9) declaratory judgment under state law. *Id.*

On December 3, 2025, Defendants filed a motion to dismiss claims one through four, eight, and nine in the First Amended Complaint. ECF No. 43. Plaintiffs filed an opposition on January 5, 2026. ECF No. 47. Defendants filed a reply on January 21, 2026. ECF No. 49.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

United States District Court
Northern District of California

3

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a complaint states a claim on which relief may be granted, the court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020).

If the court dismisses a claim for failure to meet these standards, it should grant leave to amend unless no amendment could possibly cure the complaint. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## IV.    DISCUSSION

### A.  CERCLA (Claims One and Two)

#### 1.  Jurisdictional Status of CERCLA's Limitations Period

The parties dispute whether CERCLA's statute of limitations is jurisdictional and therefore not subject to equitable modification, or instead a non-jurisdictional claims-processing rule that may permit equitable doctrines such as tolling. ECF No. 43 at 15–17; ECF No. 47 at 8–9. Section 9613(g)(2) provides the statute of limitations for cost-recovery actions under 42 U.S.C. § 9607, requiring that such actions be brought within three years after completion of a removal action or within six years after initiation of physical on-site construction of a remedial action. 42 U.S.C. § 9613(g)(2)(A)–(B).

Courts addressing whether Section 9613(g)(2) is jurisdictional have taken differing approaches. Some courts have treated it as an ordinary statute of limitations rather than a jurisdictional prerequisite. *See, e.g.*, *United States v. Halliburton Energy Servs., Inc.*, No. H-07-3795, 2009 WL 3260540, at *9 (S.D. Tex. Oct. 9, 2009) ("Construing [Section 9613](g)(2)(A) as a non-jurisdictional statute of limitations subject to tolling based on parties' agreements . . . is consistent with CERCLA's broad remedial purpose."). Others have declined to resolve the issue and instead evaluated equitable tolling arguments on their merits. *See New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 n.12 (3d Cir. 1997) (holding plaintiff was not entitled to the discovery rule or equitable tolling and therefore declining to decide whether Section 9613(g)(3) is jurisdictional); *United States v. Rohm and Haas Co.*, No. CIV. 09-5528 FLW, 2010 WL 3811302, at *7 (D.N.J. Sep. 22, 2010) (assuming without deciding that CERCLA's limitations

4

period was jurisdictional for purposes of evaluating the parties' arguments).

More generally, the Supreme Court has emphasized that "the Government must clear a high bar to establish that a statute of limitations is jurisdictional." *United States v. Wong*, 575 U.S. 402, 409 (2015). Filing deadlines are ordinarily treated as statutes of limitations—affirmative defenses subject to waiver and equitable doctrines—unless Congress clearly indicates that the time bar is jurisdictional. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (noting that "a statute of limitations[] is subject to waiver, estoppel, and equitable tolling"). CERCLA's structure is consistent with that principle. *Halliburton Energy Servs.*, 2009 WL 3260540, at *8 ("An analysis of CERCLA's structure . . . leads to the conclusion that Congress intended [Section 9613](g)(2)(A) to provide a typical statute of limitations subject to extension by tolling agreement.").

The Ninth Circuit has not addressed whether Section 9613(g)(2) is a jurisdictional bar or a statute of limitations. Because the question remains unsettled in this circuit, and because the parties' arguments can be resolved on other grounds, the Court declines to decide the issue here. Instead, the Court assumes without deciding that CERCLA's limitations period may be subject to equitable doctrines and proceeds to evaluate Plaintiffs' tolling arguments on their merits.

### 2. CERCLA Statute of Limitations

Defendants argue that Dutch Girl's CERCLA claims are barred by the statute of limitations, which requires that an action for remedial costs be brought "within 6 years after initiation of physical on-site construction of the remedial action." 42 U.S.C. § 9613(g)(2)(B).

In its prior order, the Court concluded that the allegations in the original complaint showed that remedial activities began well outside the six-year limitations period. ECF No. 38 at 7. The FAC does not materially alter those allegations. *See generally* ECF No. 39.

Without disputing that the CERCLA claims would otherwise be untimely, Plaintiffs contend that the limitations period should be extended or that Defendants should be barred from invoking it under equitable doctrines. ECF No. 47 at 8–11. The Court therefore turns to equitable tolling and equitable estoppel.

### 3. Equitable Tolling

Plaintiffs contend that CERCLA's statute of limitations should be equitably tolled. ECF No. 47 at 12–14. According to Plaintiffs, the Parties' mutual participation in Regional Board proceedings provided Defendants with notice of their contamination-related claims and demonstrates that Plaintiffs acted reasonably by pursuing regulatory resolution before filing suit. *Id.* at 13. Defendants respond that the FAC forecloses tolling because Plaintiffs were aware of contamination migrating onto their property for many years, incurred response-related costs well before filing suit, and nevertheless chose not to pursue civil claims until 2025. ECF No. 43 at 18–24; ECF No. 49 at 12–13. Defendants have the better argument.

Under federal law, equitable tolling applies only where the litigant shows that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance prevented timely filing. *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) (citations omitted). Additionally, it applies where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Spears v. First American eAppraiseIt*, No. 5-08-CV-00868-RMW, 2013 WL 1748284, at *4 (N.D. Cal. Apr. 23, 2013). The doctrine "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Id.* (quoting *Garcia v. Brockway,* 526 F.3d 456, 465 (9th Cir. 2008)).

Because equitable tolling is often fact-dependent, it is generally not resolved at the pleading stage. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). But dismissal is nonetheless proper where the complaint's allegations themselves show that the doctrine cannot apply. *Id.* at 1207.

The FAC alleges that Plaintiffs learned in 2007 that contamination from the gas station site had migrated onto their property, based on investigative activities such as monitoring well installation. ECF No. 39 ¶ 46. The FAC further alleges that Defendants undertook excavation and removal of underground storage tanks and contaminated soil in 2012. *Id.* ¶ 51. The 2012 excavation and removal of underground storage tanks mark when "physical on-site" construction of the remedial action began for purposes of Section 9613(g)(2)(B), whereas the earlier monitoring

work was undertaken to *determine* the scope of contamination and the need for remediation. 42 U.S.C. § 9613(g)(2)(B); ECF No. 39 ¶¶ 46, 51. Plaintiffs continued to engage with the Regional Board after that time, including in connection with the Board's subsequent efforts to close the 2012 investigation in or about 2017. *Id.* ¶ 53. These allegations demonstrate that Plaintiffs possessed sufficient information to pursue a CERCLA claim long before filing this action.

The FAC does not plausibly allege that some extraordinary circumstance prevented timely filing. Although Plaintiffs continued advocating before the Regional Board until site closure in 2024, participation in a regulatory process does not preclude filing suit. *Doe*, 17 F.4th at 946 ("[Plaintiff] must show that the extraordinary circumstance claimed made it *impossible* to file on time." (citing *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019)). The allegations merely suggest that Plaintiffs chose to prioritize participation in the regulatory process over pursuit of civil claims. Nothing in the statute or regulations would have prevented them from pursuing the two simultaneously. Environmental remediation frequently occurs under regulatory oversight, but the existence of such proceedings does not prevent parties from pursuing parallel civil claims. *See, e.g.*, *Green Valley Corp. v. Caldo Oil Co.*, No. 09-04028 JF (PVT), 2010 WL 2348636, at *6 (N.D. Cal. June 8, 2010) (holding that the involvement of a local environmental agency overseeing investigation and remediation did not preclude a citizen suit).

Plaintiffs also allege that Defendants "concealed and omitted relevant facts" concerning the "true nature and degree" of contamination and Defendants' intent to remediate the damage. ECF No. 39 ¶ 59. The Court previously rejected a similar tolling theory in dismissing the original complaint, concluding that Plaintiffs' allegations of concealment and misleading conduct were too vague and general to support equitable tolling. ECF No. 38 at 14–15. The FAC does nothing to materially alter that conclusion. The FAC, like the complaint, does not identify any specific operative fact that Defendants concealed that prevented Plaintiffs from discovering their CERCLA claim. *See Biotech. Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1206 (N.D. Cal. 2013) (finding allegation that defendants "concealed from plaintiffs and other investors throughout the relevant period" their "surreptitious . . . misconduct" insufficient to support equitable tolling).

Moreover, Plaintiffs' contention that Defendants concealed their intent not to fully remediate does not support equitable tolling. ECF No. 39 ¶ 59. The relevant inquiry is whether Plaintiffs had sufficient information to know of the existence of their claim, not whether they understood Defendants' subjective intent regarding remediation. *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010) (Where a plaintiff has "sufficient information to know of the possible existence of a claim," equitable tolling does not apply).

The FAC alleges that Plaintiffs knew of the migration of contamination by 2007, believed by 2012 that remediation had failed to fully address the problem, and continued to press those concerns before the Regional Board in subsequent years. ECF No. 39 ¶¶ 46, 52–53, 58. Accordingly, Plaintiffs have not plausibly alleged that they diligently pursued their claims or that any extraordinary circumstance prevented timely filing, and equitable tolling therefore does not apply.

### 4. Equitable Estoppel

Plaintiffs also argue that Defendants should be equitably estopped from asserting a statute-of-limitations defense. ECF No. 47 at 9–11. They contend that Defendants repeatedly represented that they remained responsible for remediating contamination migrating from the gas station site onto the Dutch Girl property and that these representations amounted to an "effective" promise not to rely on a statute-of-limitations defense.[1] *Id.* Defendants respond that the FAC does not plausibly plead the elements of equitable estoppel and that Defendants' alleged remediation commitments cannot reasonably be construed as a promise not to assert a statute-of-limitations defense. ECF No. 49 at 13–14. The Court again agrees with Defendants.

Equitable estoppel may preclude a defendant from invoking the statute of limitations

---

[1] In their opposition, Plaintiffs contend that because Defendants did not address their equitable estoppel theory in their motion to dismiss, Defendants have conceded the merits of that theory. ECF No. 47 at 9. Plaintiffs nevertheless proceed to argue equitable estoppel and Defendants respond directly in reply. *Id.*; ECF No. 49 at 13–14. Because Defendants's discussion of equitable estoppel was offered to rebut arguments raised in Plaintiffs's opposition, it is properly considered. *Cole v. Hartford Fin. Servs. Grp.*, No. CV 09-8285-VBF(FMOX), 2009 WL 10675233, at *3 (C.D. Cal. Dec. 17, 2009) (accepting defendants' arguments on equitable estoppel raised in reply but not in the motion to dismiss).

where the defendant's conduct induced the plaintiff to refrain from filing suit within the limitations period. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383–384 (2003); *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008). Equitable estoppel halts the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006).

The doctrine commonly applies where a defendant's representations or conduct led a plaintiff to believe that filing suit within the limitations period is unnecessary, for example, where a defendant affirmatively represents that it will not assert a statute-of-limitations defense. *See Lukovsky*, 535 F.3d at 1052 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)).

The FAC does not plausibly allege such conduct. Plaintiffs argue that Defendants *effectively* promised not to rely on a statute of limitations defense. ECF No. 47 at 10. They point primarily to a series of letters and agreements in which Defendants allegedly acknowledged responsibility for investigating and remediating contamination migrating from the site. *Id.* For example, Plaintiffs allege that Defendants entered agreements in 2007 and subsequent years committing to investigate and remediate groundwater contamination and later executed a 2019 indemnity agreement referencing responsibility for petroleum impacts until regulatory closure in 2024. ECF No. 39 ¶¶ 47–50, 54, 57.

Accepting these allegations as true, they do not plausibly establish equitable estoppel. Plaintiffs do not allege that Defendants expressly represented that they would not assert a statute-of-limitations defense. *Cada*, 920 F.2d at 451 ( "If [defendant] had told [plaintiff] that it would not plead the statute of limitations as a defense . . . this would be a case for equitable estoppel."). Nor do Plaintiffs allege that the parties entered into a tolling agreement or that Defendants otherwise asked Plaintiffs to delay filing suit. Instead, the FAC alleges only that Defendants acknowledged responsibility for investigating and remediating contamination and participated in the regulatory process. ECF No. 39 ¶¶ 47–50, 54, 57. Such remediation commitments do not support equitable estoppel absent allegations that they reasonably induced Plaintiffs to forgo

9

United States District Court
Northern District of California

timely litigation.  *Lantzy*, 31 Cal. 4th at 384–385 (rejecting estoppel where repair attempts and related assurances did not show that defendants' conduct actually and reasonably induced plaintiffs to refrain from filing suit within the limitations period).

At most, the FAC describes an ongoing dispute regarding the adequacy and scope of remediation, conduct that reflects the underlying controversy between the parties, not the kind of conduct that would prevent Plaintiffs from bringing suit within the limitations period.  *Guerrero*, 442 F.3d at 706.  Accordingly, Plaintiffs have not plausibly alleged equitable estoppel sufficient to bar Defendants from asserting a statute-of-limitations defense.

## CONCLUSION

The CERCLA claims (Claims One and Two) are dismissed as barred by the applicable statute of limitations.  Because Plaintiffs have "already had an opportunity to cure this deficiency" and have "failed to do so," dismissal is with prejudice.  ECF No. 31 at 7; *Scilex Pharmaceuticals Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-cv-01280-JST, 2022 WL 20286688, at *8 (citing *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)).

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In deciding whether to exercise supplemental jurisdiction, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  When federal claims are eliminated at an early stage of litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction."  *Id.* at 351.  Because Plaintiffs' sole federal claim has been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims brought under California state law.  Those claims are dismissed without prejudice, which means that Plaintiffs may refile them in state court.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  May 12, 2026



JON S. TIGAR
United States District Judge

10